UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FAIZ A. JAHANI, individually and on behalf of the General Public of the State of California; KHADUA JAHANI, individually and on behalf of the General Public of the State of California,<br><br>      Plaintiffs,<br><br>  v.<br><br>WASHINGTON MUTUAL BANK, now doing business as JPMORGAN CHASE BANK, N.A., a corporation and as successor in interest to WASHINGTON MUTUAL BANK; CHASE HOME FINANCE, LLC, a subsidiary of JPMORGAN CHASE BANK, <u>et al.</u>,<br><br>      Defendants. | NO. CIV. S-10-777 FCD/KJM<br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

This matter is before the court on the motion of defendants Federal Home Loan Mortgage Corporation and JPMorgan Chase Bank, N.A. to dismiss plaintiffs Faiz and Khadua Jahani's complaint

1

pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (Docket #6.)  Plaintiffs filed an opposition to the motion, substantively responding to defendants' motion with respect to plaintiffs' state law claims.  However, with respect to plaintiffs' federal claims for relief under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (the second and fifth claims for relief), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 168 (eighth claim for relief), plaintiffs did not respond to defendants' motion and instead simply requested leave to "properly allege causes of actions [sic] for violation of and [sic] predatory lending."  (Opp'n, filed July 2, 2010 [Docket #13], at 9:4-5.)  The court construes plaintiffs' response as a non-opposition to the motion as to the federal claims for relief, and as such, it GRANTS defendants' motion as to those claims.  Moreover, the court denies plaintiffs' request for leave to amend these claims as it appears that such amendment would be futile.  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (recognizing that a court is only required to grant leave to amend a complaint if it *possibly* can be saved).  Here, plaintiffs offer no basis whatsoever for granting leave to amend; they offer no argument in support of permitting leave, let alone *any facts* to suggest that a cognizable claim could be stated under TILA or FCRA.  (Opp'n at 9.)  Accordingly, leave to amend is properly denied.

The dismissal of the TILA and FCRA claims leaves the complaint devoid of any federal claims.  The remaining claims are

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

state law claims for fraudulent inducement to breach of contract, fraud and conspiracy to commit fraud, violation of California Civil Code § 2923.5 *et seq.*, violation of California Business and Professions Code § 17200 *et seq.*, defamation, false light and breach of contract.  (Complaint, filed April 1, 2010 [Docket #1].)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims.  See Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity."  Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts.  Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with Section 1367(c), the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

///
///
///

1   Plaintiffs' complaint is therefore DISMISSED.  The Clerk of
2 the Court is directed to close this file.
3   IT IS SO ORDERED.
4 DATED: July 15, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4